IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM H. STOLLER, individually and derivatively on behalf of Express Services, Inc., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. CIV-10-634-C |
| ROBERT A. FUNK, an individual and trustee of the Robert A. Funk Trust; the ROBERT A. FUNK TRUST; ROBERT E. FELLINGER; and JERI CRAIG, individuals, | ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| EXPRESS SERVICES, INC., a Colorado corporation, | ) ) ) | |
| Nominal Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff owns 50% of the voting stock of Express Services, Inc. ("ESI"). Defendant

Robert A. Funk owns the other 50% of the voting stock. The two have entered into various

Shareholder's Agreements to govern their relationship with each other and in regards to ESI.

Believing that Defendant Funk was misusing ESI assets and violating the terms of the

agreements, Plaintiff sent a demand to the Board of ESI requesting certain action. Plaintiff's

demand was sent August 3, 2009. Upon receipt of Plaintiff's demand, the Board hired

counsel to provide advice on the proper response. Asserting that the Board has refused to

consider the recommendations of counsel and that Funk continues his wrongdoing and has

taken control of the Board, Plaintiff filed the present action.  Specifically, Plaintiff asserts 12 Counts:  1) Breach of Contract – Derivative and direct claim against Funk – UU Bar Ranch payments; 2) Breach of Fiduciary Duty – Derivative claim against all Defendants – UU Bar Ranch Payments; 3) Waste and Mismanagement of Corporate Assets – Derivative claim against all Defendants; 4) Breach of Fiduciary Duty – Derivative claim against all Defendants – Unauthorized swap agreements and payments; 5) Waste and Mismanagement of Corporate Assets – Derivative claim against all Defendants – Swap agreement and payments; 6) Misappropriation/Conversion of corporate assets – Swap agreement payments; 7) Breach of Fiduciary Duty – Derivative claim against all Defendants – Franchise workers' compensation and medical insurance costs; 8) Waste and Mismanagement of Corporate Assets – Derivative Claim against all Defendants – Paying and failing to demand repayment of franchise workers' compensation and medical insurance costs; 9) Breach of Fiduciary Duty – Direct claim against all Defendants; 10) Breach of Contract – Direct claim against Funk; 11) Breach of Implied Covenant of Good Faith and Fair Dealing – Direct claim against Funk; 12) Breach of Fiduciary Duty – Direct claim against Funk.  In response to these allegations, Defendants filed a Motion to Dismiss[1] arguing that Plaintiff failed to comply with the pleading requirements of Fed. R. Civ. P. 23.1; that the direct claims fail to state a

---

[1]  Although each Defendant filed a Motion to Dismiss, Defendants Fellinger, Craig, and the Robert A. Funk Trust adopted the motion filed by Defendant Funk.  Accordingly, the Court will consider the motions as a single pleading.

claim for relief and that all but one of the direct claims fail as a matter of law because they did not allege injury distinct from that suffered by ESI.

Defendants' request for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to examine the well-pled allegations in Plaintiff's Complaint and determine if they state a plausible claim for relief. The Court must examine the "specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (citing Bell Atl.Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), and Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1247 (10th Cir. 2007).

Defendants' first argument, premised on the requirements of Rule 23.1, is easily resolved. Defendants complained that Plaintiff had failed to file a verification of the Complaint. That verification has now been filed and no Defendant offers any authority suggesting that the lateness of the verification warrants dismissal. Accordingly, Defendants' request for dismissal on this point is rejected.

Defendants next challenge the timing of Plaintiff's Complaint arguing, it is premature. According to Defendants, the law requires a party seeking to bring a derivative claim to first make a demand on the company board and only if the response to that demand is

unsatisfactory may a lawsuit be filed. In conjunction with this argument, Defendants assert that Plaintiff's demand was inadequate as it did not make the same claims as brought in his Complaint. The Court finds this argument without merit. Comparison of the demand letter and Complaint establishes that Plaintiff's allegations were fairly presented to the Board. Thus, the issue left for resolution regarding the demand is whether Plaintiff allowed time for the Board to act before filing suit.

Plaintiff argues that he made the required demand and brought the present action only after ESI's Board failed to timely respond. According to Plaintiff, he waited some 10 months after making his demand before filing suit. In that time, Plaintiff asserts he worked with outside counsel and the Board in an attempt to resolve his accusations. Plaintiff argues that despite his efforts any resolution was blocked by Funk and/or the Board. The requirement that a corporate board be given time to act prior to a derivative suit being prosecuted is to permit the Board, who has the obligation to act in the best interest of the Company, "the opportunity to rectify an alleged wrong without litigation, and to control any litigation which does arise." Kenney v. Koenig, 426 F. Supp. 2d 1175, 1181 (D. Colo. 2006).[2] Much like the concept of exhaustion of administrative remedies in other contexts, the requirement of making a demand and allowing time for a response conserves the resources of both the corporation and the Court. Thus, the question here is did Plaintiff give the Board time to act

---

[2] Although Kenney relies on Delaware law and Colorado law governs this dispute, the parties agree that Colorado courts routinely look to Delaware law when there is no Colorado law on point.

before filing suit. The Court finds he did not. It is clear from the material provided by the parties[3] that the investigation into Plaintiff's allegations and the recommendations for any changes or remediation were not yet final. While Plaintiff alleges that Funk and/or the Board were acting to prevent final recommendations being made, the materials submitted by the parties do not support that claim. Rather, it appears that any delay was due to outside counsel seeking additional information and expertise to address some of Plaintiff's concerns. By not waiting until the Board acted or didn't act on the final recommendations, Plaintiff deprived the Board of the opportunity to control the litigation and/or make an informed business decision about what was best for the corporation. Therefore, Plaintiff's claim must be dismissed.

To the extent Plaintiff alleges a right to bring direct claims against Defendant Funk, the same rules must apply. The claims are within the scope of the recommendations to be made by the outside counsel. The relief sought by Plaintiff for these "direct" claims has a direct impact on the corporation and its assets. Therefore, it is necessary to permit the corporation the opportunity to consider the recommendation of outside counsel.

For the reasons set out more fully herein, the Motion to Dismiss of Defendant Robert A. Funk (Dkt. No. 39); the Motion to Dismiss of Robert E. Fellinger (Dkt. No. 41); the Motion to Dismiss of Defendant Jeri Craig (Dkt. No. 42); and the Motion to Dismiss of

---

[3] Because Plaintiff references these materials in his Complaint and there is no dispute as to their authenticity, the Court may consider them. See Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002).

Defendant Robert A. Funk Trust (Dkt. No. 44), are GRANTED and Plaintiff's Complaint is DISMISSED without prejudice.

IT IS SO ORDERED this 12th day of October, 2010.

ROBIN J. CAUTHRON
United States District Judge